**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4028**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TIMOTHY DARNELL BLACKWELL,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:07-cr-00385-JAB-1)

———————

Submitted: February 23, 2010      Decided: March 15, 2010

———————

Before NIEMEYER, KING, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Darnell Blackwell appeals his sentence after pleading guilty to attempting to possess with intent to distribute 35.8 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(b), 846 (2006). On appeal, he contends that his sentence is unreasonably high because he was sentenced as a career offender, and the district court failed to account for the cocaine/cocaine base sentencing disparity. We affirm.

We review a sentence imposed by the district court under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. On appeal, we presume that a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 192 (4th Cir. 2007).

Based on Blackwell's prior convictions for felony assault with a deadly weapon with intent to kill and felony conspiracy to commit armed robbery, the probation officer

2

determined that he was a career offender under U.S. Sentencing Guidelines Manual § 4B1.1(a) (2007). As his statutory maximum for the instant offense was forty years, his offense level was thirty-four under USSG § 4B1.1(b). With a three-level reduction for acceptance of responsibility and criminal history category VI, Blackwell's advisory guideline range was 188 to 235 months in prison. Based on his substantial assistance, the Government moved for a reduction of sentence under USSG § 5K1.1 and 18 U.S.C. § 3553(e) (2006), recommending that the district court depart downward by forty percent from the applicable advisory guideline range. This range would be 112.8 to 141 months.

Blackwell did not object to the facts or guideline calculations in the presentence report. However, he argued that the district court should sentence him below his applicable guideline range based on the cocaine/cocaine base disparity, and specifically, that he should be sentenced within the range that would be applicable if his offense involved powder cocaine and his statutory maximum was only twenty years. After a forty percent reduction, this range would be 90.6 to 112.8 months. The Government noted that the Sentencing Commission is required by 18 U.S.C. § 994(h) (2006) to assure that career offenders receive a sentence at or near the maximum term authorized, and argued a reasonable sentence would be within his career offender range after reduction based on the Government's motion.

The district court imposed a sentence of 120 months in prison. In explaining its sentence, the court noted that it had considered the parties' arguments concerning the cocaine/cocaine base disparity and the career offender guideline; that it had discretion under Kimbrough v. United States, 552 U.S. 85 (2007), to take any disparities into account; and that it had taken the disparities into account in selecting a sentence. Considering all the factors in the case, the district court made a finding in its discretion that Blackwell's sentencing range based on the career offender guideline provided an appropriate starting point in determining his sentence, and the court granted the Government's recommended forty percent downward departure.

On appeal, Blackwell argues that his sentence is unreasonably high because it is based on an "unjust disparity between a career offender sentenced for crack cocaine and a career offender sentenced for powder cocaine." As the district court noted, it had discretion to consider Blackwell's disparity arguments in selecting a sentence, and it did so. We conclude that the court did not abuse its discretion in sentencing him based on the career offender guideline in this case, and his sentence is both procedurally and substantively reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED